IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA ALMAND, STEVE FERGUSON, GORDON WEBBER, TERESA COLLUM, and CHRIS LOWE, | Civil Action No. |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| MIDLINE AIR FREIGHT, INC., CORPJET TRANSPORTATION, INC., CHRIS EDEN AND RHONDA EDEN. | COLLECTIVE CERTIFICATION SOUGHT |
| Defendants. | |

_____

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Lisa Almand, Steve Ferguson, Gordon Webber, Teresa Collum and Chris Lowe, and files this lawsuit against Defendants Midline Air Freight, Inc., CorpJet Transportation Inc., Chris Eden and Rhonda Eden (hereinafter "Defendants"), and shows the following:

### **I. Nature of Complaint**

1.

Plaintiff Almand (hereinafter "Overtime Plaintiff") brings this action to obtain full and complete relief and to redress the unlawful employment practices

described herein.  Plaintiff brings this action as the representative party for all similarly situated employees of Midline Air Freight, Inc.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

3.

Plaintiffs Almand, Ferguson, Webber, Collum and Lowe (herinafter "Breach Plaintiffs") bring this action to obtain full and complete relief and to redress the breach of contract under Georgia state law described herein.

4.

This action seeks declaratory relief, compensatory and actual damages for Defendants' failure to honor the contract described herein between Defendants and Breach Plaintiffs.

## II. Jurisdiction and Venue

5.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1343(4) and 28 U.S.C. § 1331.

6.

Defendant Midline Air Freight, Inc. is a Georgia corporation, and the unlawful employment practices described herein occurred at 1723 McCollum Parkway Suite 200, Kennesaw, GA, 30144. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

7.

Plaintiffs are residents of the State of Georgia.

8.

Plaintiff Almand worked for the Defendants from 3/1/2005 through 5/20/2011 as a clerical office worker.

9.

Plaintiff Ferguson worked for the Defendants from 2007 to 2010 as a pilot.

10.

Plaintiff Webber worked for the Defendants from March 2009 to June 2010 as a pilot.

11.

Plaintiff Collum worked for the Defendants from October 2004 until July 2009 as an administrative assistant for the Director of Maintenance.

12.

Plaintiff Lowe worked for the Defendants from March 2001 until January 2009 as a pilot.

13.

Plaintiff Almand was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

14.

Plaintiff Almand performed non-exempt labor for the Defendants within the last three years.

15.

Defendants employed the named Plaintiffs during the relevant time period.

16.

During the relevant time period, Overtime Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid any amount for the hours that she worked over forty in a workweek.

17.

Defendant Midline Air Freight, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

18.

Defendant Chris Eden was Plaintiffs' supervisor who had discretion over Plaintiffs' payroll and overtime compensation. Defendant Chris Eden works both directly and indirectly in the interest of Midline Air Freight, Inc. and was in a supervisory position over the named Plaintiffs.

19.

Defendant Rhonda Eden is the Manager over the entire office of Midline Air Freight, Inc. Defendant Rhonda Eden had discretion over Plaintiff's payroll and overtime compensation. Defendant Rhonda Eden acts both directly and indirectly in the interest of Midline Air Freight, Inc. and was in a supervisory position over the named Plaintiff.

20.

Midline Air Freight, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

21.

Defendant Chris Eden is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

22.

Defendant Rhonda Eden is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

23.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

### IV.  Facts

24.

All Plaintiffs worked for the Defendants within the past three years.

25.

Plaintiff Almand's primary duties involved clerical work for Defendants.

26.

Plaintiff Almand was paid on an hourly basis.

27.

Plaintiff Almand was not paid on a salary basis

28.

During Plaintiff Almand's employment with the Defendants, Plaintiff was not paid either her regular rate or the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

29.

In July 2008, Chris Eden told Breach Plaintiffs that the company was having financial problems.

30.

Chris Eden asked Breach Plaintiffs to agree to take a reduction in their pay of twenty percent as a loan to the company.

31.

Chris Eden told Breach Plaintiffs that in consideration for taking the pay cut, he would promise to pay them back in full once he sold a particular jet owned by the company.

32.

The Breach Plaintiffs accepted Chris Eden's offer to take reduced pay as a loan to the company in exchange for full repayment once Mr. Eden sold the jet.

33.

Specifically, Chris Eden agreed to pay the employees back their loan to the company once he sold the 1992 Beechcraft 1900D registered by the Federal Aviation Administration under N-Number N5YV.

34.

From July 2008 to May 2011, the Breach Plaintiffs received eighty percent of their pay, with the remaining twenty percent as a loan to the company.

35.

The jet was sold in May 2011.

36.

The jet is now registered to Royal Leasing LLC.

37.

After the jet was sold, Chris Eden did not pay Breach Plaintiffs the amounts owed to the plaintiffs for their difference in pay.

38.

When asked about making repayments as promised, Chris Eden told Breach Plaintiffs that he still didn't have the money to pay them back, even though he had sold the jet.

39.

Chris Eden agreed to pay a small portion of the amount that he owed each of the Breach Plaintiffs, but he refused to pay them back in full as previously agreed.

40.

Chris Eden still owes each employee, including all Breach Plaintiffs, over $20,000.

## V. Count One- Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

41.

Overtime Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

42.

Defendants, individually and collectively, jointly and severally, have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Overtime Plaintiff worked in excess of forty (40) hours in a workweek.

43.

Pursuant to FLSA §16, 29 U.S.C. §216, Overtime Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI. Count Two- Breach of Contract

44.

Breach Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

45.

The parties entered into a contractual arrangement in which the Breach Plaintiffs agreed to loan the company and Mr. Eden twenty percent of their pay to keep the company in business.  In exchange, Defendants agreed to pay the entire amount owed to the plaintiffs upon the sale of the company jet registered under N-Number N5YV.

46.

Breach Plaintiffs complied with all conditions precedent and other requirements for receiving their full pay once Defendant Chris Eden sold the company jet registered under N-Number N5YV.  Namely, Breach Plaintiffs accepted and received reduced pay.

47.

By failing to pay Breach Plaintiffs the full amount they are owed after selling the jet registered under N-Number N5YV, Defendant Chris Eden is in breach of his obligations under the contract entered into between himself and Breach Plaintiffs.

### VII.  Prayer for Relief

48.

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

(A)   Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert

witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C)  Plaintiffs be awarded damages for breach of contract under count two of this complaint; and,

(D)  Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the \_\_\_\_ day of July, 2011.

**BARRETT & FARAHANY, LLP**

_____
Amanda A. Farahany
Georgia Bar No. 646135
Attorney for Lisa Almand

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile

13